UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:03-CV-0695-SEB-JPG |
| vs. ) | |
| ) | |
| DAIMLER CHRYSLER, ) | |
| Defendant. | |

**ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT**

This case is before the court on cross motions for summary judgment. After reviewing the briefs filed by both parties, as well as the affidavits, exhibits and deposition testimony submitted by each, we are convinced that material issues of fact remain which preclude the resolution of this case as a matter of law.

Plaintiff Lee Martin lost his sight to untreatable scleritis in 1999. When he contracted the illness, he was working as a foundry technician, an hourly union position at Daimler Chrysler's Indianapolis plant. As the disease progressively robbed him of his sight, he was placed on short term and then long term disability. Despite this disability, Martin expressed a desire to return to work at the foundry. He received vocational rehabilitation consisting of mobility training and other therapies aimed at helping him overcome or adjust to his blindness. In the fall of 2000, Martin with the assistance of advocates acting on his behalf began a discourse with foundry representatives regarding Martin's possible return to full employment at the facility. After a series of meetings, site visits and investigations of safety and accommodation issues relative to

certain specific jobs at the foundry, no agreement could be reached allowing Martin to return to active status at the facility.[1]  Consequently, Martin filed this lawsuit alleging that Daimler Chrysler failed to provide him a reasonable accommodation that would allow him to return to work, in violation of the Americans with Disabilities Act ("ADA").

Under the ADA, an employer unlawfully discriminates against a qualified individual with a disability by failing to make a reasonable accommodation of the individual's known limitations.  42 U.S.C. § 12112(b)(5).  In order to establish a prima facie case where the plaintiff claims that his employer failed to accommodate him in his return to work, the employee must make an initial showing that: 1) he was disabled; 2) his employer was aware of his disability; and 3) he was a qualified individual who, with or without a reasonable accommodation, could perform the essential functions of the job at issue.  *Basith v. Cook County*, 241 F.3d 919, 927 (7th Cir. 2001).  Where the employee contends that the accommodation would have placed him in a position other than the one he previously held, the employee bears the burden of identifying the available position for which he was qualified.  *Winfrey v. City of Chicago*, 259 F.3d 610 (7th Cir. 2001).  Where the terms and conditions of the position(s) the disabled plaintiff seeks to fill are established through a collective bargaining agreement and the agreement provides for a seniority system, the employer is not required to breach the collective bargaining agreement in order to accommodate the plaintiff.  *Eckles v. Consolidated Rail Corp.*. 94 F.3d 1041, 1047-1048 (7th Cir. 1996).  Finally, even if a plaintiff carries his burden of successfully establishing  a prima facie case,  the employer may escape liability if it is able to prove that the plaintiff poses a direct threat

---

[1] A further complication in this case is the impending closing of the foundry scheduled for the end of September, 2005.

to the health and safety of himself or others.  *Chevron U.S.A. Inc. V. Echazabel*, 536 U.S. 73 (2002).

Martin argues he is entitled to summary judgment on the issue of liability in this case. There is no quarrel between the parties with respect to his having established the first two elements of the required prima facie showing.  Martin further asserts that he was qualified and had sufficient seniority for several positions, thereby satisfying the third requirement.

However, Daimler Chrysler contends that he has not identified a "vacant" position for which he was qualified, both in terms of his being capable of performing the job with an accommodation and in terms of the job being open to someone at his seniority level.  Further, Daimler Chrysler argues that even if a prima facie case were demonstrated, Martin's sight impairment rendered him unable to perform any identified job without creating a direct threat to his own safety.  In short, Daimler Chrysler seeks summary judgment based on Martin's inability to establish the final element of his prima facie case as well as the affirmative defense of a direct safety threat.

We are unable to credit either of these cross-motions, given the substantial amount of contradictory evidence relating to the following two critical issues:  the availability of open or vacant positions as well as Martin's ability to perform the essential functions of a position without causing a safety hazard.  For example, Daimler Chrysler maintains that none of the jobs identified by Martin as ones he could potentially perform were "open" and, under the bargaining agreement, the company can not simply bump a person out of a job that he had successfully bid for.  In fact, Daimler Chrysler seems to suggest that a more senior employee with permanent

restrictions can not bump even a junior employee from a job that the junior person had obtained through a bid. However, we are skeptical of the accuracy of this argument, given the letter of agreement between the union and the company addressing employees with permanent work restrictions which can easily be read to imply that such a right to bump does exist. Further, Daimler Chrysler's argument is contradicted by the deposition testimony of both the foundry's Safety Director, Steve Adams, and its Human Resources manager, Willie Bush.

Mr. Bush, who was the ultimate decision-maker with respect to Martin's request to return to work, testified that, during the initial "return to work site assessment" conducted by Wade Wingler of Crossroads Rehabilitation Services, an effort was made to expose Wingler to various jobs on the foundry floor for which Martin might qualify in terms of seniority. Both Bush and Adams confirmed that their efforts related to positions that Martin had sufficient seniority to fill. In support of its summary judgment motion, Daimler Chrysler has submitted an affidavit by Adams suggesting that, throughout the time period Martin has attempted to return to work, none of the potential positions examined by the company or the site assessor for which Martin might qualify matched his seniority status. If true, Adam's affidavit contradicts his previous testimony, not to mention the testimony of the final decision-maker with respect to Martin's return to work. Whatever the evidence may be at trial, at this point Martin has made a sufficient showing to rebut Daimler Chrysler's contrary conclusion. We do not weigh the evidence adduced by Martin that there were "several" jobs for which he was qualified and could perform with a reasonable accommodation; it suffices at this juncture that he has identified at least one, that is, filter operator, on which basis a reasonable jury could conclude that he was able to perform the essential functions, with an accommodation, and that the job was one his seniority status would

have qualified him to fill.

As indicated, Martin's success in proving his prima facie case does not guarantee him final victory in this matter. Daimler Chrysler will have the opportunity at trial to prove that Martin's obtaining the identified vacant position, assuming he was able, would cause a direct threat to his own health and safety, which affirmative defense is determined on the basis of the following factors: 1) the duration of the risk; 2) the nature and severity of the potential harm; 3) the likelihood that the potential harm will occur; and 4) the imminence of potential harm. *Emmerson v. Northern States Power Co.,* 256 F.3d 506 , 514 (7th Cir. 2001). While few activities in life are risk free, (*Bragdon v. Abbott,* 524 U.S. 624, 649 (1998)), the safety issue which seems to have been the focus of the discussions between Mr. Martin and the supervisors at Daimler Chrysler concerning whether Martin could or should return to the foundry, must be resolved by a jury, which is best positioned to make that determination, in light of the applicable legal standards and all the evidence presented by the parties.

Accordingly, Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment are both DENIED.

ALL OF WHICH IS ORDERED.

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Scott Charles LaBarre
slabarre@labarrelaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com